LESTER A. ROUND *vs.* EARLE LAMBERT MANNING.

JULY 19, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.    This proceeding was begun by Lester A. Round, director of health, hereinafter referred to as "the appellee", by service May 6, 1940, upon Earle Lambert Manning, hereinafter referred to as "the appellant", of a notice that a hearing would be held on May 21, 1940 at 11 o'clock a. m., in room 362 in the state office building, for the purpose of hearing evidence relative to the appellant's right to practice chiropractic and physiotherapy in this state.

In this notice the appellant was requested to attend this hearing to show cause why his license to practice chiropractic in this state should not be revoked on the following grounds:

"1. That you have been guilty of fraud and deception in obtaining your license to practise Chiropractic and physio-therapy.

"2. That you have been guilty of fraud and deception in obtaining your license to practise Chiropractic and physio-therapy in this; that you did forge or cause to be forged to your application submitted to the Division of Examiners the name of Edward F. Dufresne, a notary public.

"3. That you have been guilty of gross unprofessional conduct in this; that you did forge or cause to be forged upon your application for a license, the name of Edward F. Dufresne, a notary public.

"4. That you did not submit to an examination before any duly authorized person or persons as required by law.

"5. That by said forging or causing to be forged, the name of Edward F. Dufresne a notary public as aforesaid, you have rendered yourself an unfit person to practise Chiropractic or physio-therapy in this state.

"6. That you have been guilty of conduct of a character likely to defraud and deceive the public."

As it clearly appears that the appellant never held any license or certificate to practice physiotherapy in this state and did not claim to hold one, no further reference will be made to such a license or certificate.

In this notice it was stated that it was given in compliance with the provisions of general laws 1938, chapter 275, § 24, and by virtue of the authority vested in the appellee by that section. In accordance with this notice hearings were held before the appellee on May 21 and 24, 1940; and, on July 18, 1940, a finding was made by him that the appellant had failed to show cause why the latter's license to practice chiropractic should not be revoked and that this license was revoked; and the appellant was so notified. From this finding the appellant appealed to the superior court, one of the

grounds being that the appellee had no right or authority to conduct such a hearing.

Upon this appeal the case was later heard *de novo* before a justice of the superior court, sitting without a jury. Early in the hearing the appellant made a motion that his appeal should be sustained on the ground that the director of health had had no jurisdiction to hear the case; and "that under the law under which Dr. Round proceeded the proper body to hear the complaint originally was not Dr. Round, as Director of Public Health, but the Board of Examiners;" and that therefore the appeal should be sustained and the case sent for hearing to the examiners. This motion was denied and the appellant took an exception to this ruling.

The hearing then proceeded and much testimony was introduced by both parties. At the conclusion of the hearing the trial justice, on March 2, 1942, made a decision, in which he found that the original license to the appellant to practice chiropractic had been obtained by fraud; that no legal examination had been given to him; and that the certificate which purported to authorize him to practice that art was not signed by Dr. McLaughlin, who was then the director of public health. The trial justice ended his decision as follows: "Dr. Round was amply justified in his action and I ratify that action and approve it and accept it as the decision of this Court and a decree may be entered to that effect."

On March 9, 1942, the appellant filed a motion for a new trial, on the ground of newly discovered evidence. On the same day a decree was entered, in which the decision of the director of health in revoking the license of the appellant was affirmed and the latter's appeal was denied and dismissed. On April 8, 1942, the appellant filed an appeal from that decree, on various grounds, and a request for a transcript of the testimony. This appeal shows various extensions by judges of the superior court of the time for filing such transcript, the last one being to July 25, 1942.

Meantime, on May 5, 1942, there was a hearing before the trial justice on the appellant's motion for a new trial, and this motion was denied. Two days later the appellant filed an exception to this denial and a notice of intention to prosecute a bill of exceptions. Such bill and a transcript of the testimony were filed on September 21, within the time as extended; and, on October 1, 1942, they were allowed by the trial justice and the case was certified to this court.

We find that so far as procedure is concerned this case is to be treated in the same way as a probate appeal and therefore is now before us solely on the appellant's exceptions as set forth in his bill of exceptions. See *Pavou* v. *Flora,* 64 R. I. 162.

We shall consider first the appellant's eighth exception as set forth in his bill of exceptions, being to the denial by the trial justice of the motion made by the appellant that his appeal from the decision of the director of health be granted and the case sent to the examiners, as the only tribunal authorized, under G. L. 1938, chap. 275, § 24, to revoke his license on the ground that it had been obtained by fraud.

By this exception the issue was raised whether the director of health had jurisdiction to make and hear the charges against the appellant and to revoke his certificate. Clearly if he did not, neither did the superior court have jurisdiction, on appeal, to hear such charges and to revoke the certificate. And if this exception should be sustained, the whole proceeding would be vacated.

This case was begun under § 24 of chapter 275 of the general laws of 1938, as affected by public laws 1939, chapter 660. This section in the general laws reads as follows:

"The division of examiners may, after due notice and hearing, refuse to register, or may temporarily suspend from practice, or revoke the certificate of any person to whom such a certificate has been issued if he or she has been guilty of the perpetration of any fraud or deception in obtaining his or her certificate to practice chiropractic, or if he or she fails to register as hereinbefore provided. The director of

public health may, after due notice and hearing, revoke the certificate of any person to whom such a certificate has been issued if he shall find that he or she has been guilty of fraud, or of gross unprofessional conduct, or of conduct of a character likely to deceive or defraud the public, or which shall render the holder of such certificate an unfit person to practice chiropractic in this state, and said director of public health shall advise the said division of examiners of his decision."

In chapter 660 of the public laws of 1939, which is entitled "Administrative Act of 1939", sec. 180 reads as follows: "There shall be a department of health. The head of the department shall be the director of health, who shall carry out, except as otherwise provided by this act, the provisions of chapters 234, 255 to 280 inclusive, and chapters 397, 634, and 635 of the general laws of 1938 and of all other general laws and public laws heretofore carried out by the existing director of public health and department of public health."

The first three sentences of sec. 190 of the same chapter, being the only ones which are relevant to the question now under consideration, read as follows: "The director of health, with the approval of the governor, shall appoint a board of three examiners for each of the following arts, practices, sciences or callings: barbering, chiropody, chiropractic . . . . Said examiners appointed for each specific art, practice, science or calling shall be persons competent to give such examination. Said boards shall perform the duties prescribed by chapters 261, 262, and 263 and chapters 275 to 280 inclusive of the general laws of 1938."

It is clear from the language of the first sentence of the above-quoted § 24 of chapter 275 of the general laws, when read in the light of preceding sections concerning chiropractic, that it gave to the division of examiners the authority to revoke the certificate of any person to whom such certificate had been issued to practice that art, if the division

found after due notice and hearing that he had been guilty of any fraud or deception *in obtaining* such certificate.

Upon consideration of the language of the second sentence of the same section, when interpreted in the light of the language of the first sentence, we are convinced that this second sentence gave to the director of public health, upon due notice and hearing, the authority to revoke such a certificate of any person who had been guilty of certain kinds of fraud, *other than fraud in obtaining the* certificate; and that it was not the meaning and intent of the section to vest in the division and also in the director the authority to revoke a certificate for fraud by the holder in obtaining it.

After considering the language above quoted from two sections of chapter 660 of the public laws of 1939, and considering all other statutory provisions which seem to us to have any relevancy to the question now before us for determination, we are of the opinion that at the time when this case was instituted by the director of health, after those sections had gone into effect, he had no authority to revoke the appellant's certificate to practice chiropractic for fraud in obtaining such certificate.

No other kind of fraud was included in the charges made by the appellee against the appellant and supported by any evidence. We therefore are of the opinion that the appellant's eighth exception should be sustained. The appellant, in his motion, the denial of which by the trial justice was the ground of that exception, stated that the case should be sent for hearing to the board of examiners for chiropractic.

The appellant's eighth exception is sustained and the case is remitted to the superior court for the entry of a decree sustaining the appeal and directing the return of the papers therein to the director of health, without prejudice, however, to further proceedings before the board of examiners for chiropractic for the revocation of the appellant's certificate, on the ground that he was guilty of fraud in obtaining it.

*John H. Nolan,* Attorney General, *A. Norman La Salle,* Assistant Attorney General, for director of health and state of Rhode Island.

*Charles A. Kiernan,* for defendant.